UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CLARIDGE | ) | |
| 12022 Glenn Valley Road | ) | CASE NO. |
| Brecksville, Ohio 44141 | ) | |
| | ) | JUDGE |
| on Behalf of Himself and All Others | ) | |
| Similarly Situated, | ) | MAGISTRATE JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S COLLECTIVE ACTION** |
| v. | ) | **COMPLAINT** |
| | ) | |
| BURNTWOOD TAVERN HOLDINGS, | ) | (JURY TRIAL DEMANDED) |
| LLC D/B/A BURNTWOOD TAVERN, | ) | |
| c/o Statutory Agent Bret Adams | ) | |
| 504 Washington Street | ) | |
| Chagrin Falls, Ohio 44022 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BURNTWOOD TAVERN BRECKSVILLE, | ) | |
| LLC | ) | |
| c/o Statutory Agent Bret Adams | ) | |
| 200 Glen Road | ) | |
| Moreland Hills, Ohio 44022 | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY

1.     The  case  implicates  Defendants  Burntwood  Tavern  Holdings,  LLC  d/b/a

Burntwood Tavern and Burntwood Tavern Brecksville, LLC, ("Defendants") violations of the Fair

Labor Standards Act's ("FLSA") tip credit and subsequent underpayment of their employees at the

federally mandated minimum wage rate and violations of the Ohio Minimum Fair Wage Standards

Act ("OMFWSA"), Ohio Revised Code ("R.C.") § 4111.01, *et seq*. for Defendants' failure to pay

Plaintiff and all similarly situated workers their earned minimum wages.  Plaintiff brings this case

as a collective action under the FLSA, 29 U.S.C. § 216(b) and pursuant to the OMFWSA, R.C. § 4111.14(K)(2).

2.     Defendants pay their tipped employees, including servers, below the minimum wage rate by taking advantage of the tip-credit provisions of the FLSA and, in Ohio, the OMFWSA. Under the tip-credit provisions, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum wage rate by taking a "tip credit" against the employer's minimum wage obligations from the tips received from customers.

3.     However, there are strict requirements for an employer to utilize the "tip credit." *See* 29 U.S.C. § 203(m).  An employer must advise an employee in advance of its use of the tip credit pursuant to the provisions of section 3(m) of the FLSA. *See id*. stating (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection.").  That is, the employer must inform the employee: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

4.     Additionally, an employer must pay the minimum statutory hourly rate ($2.13 per hour under the FLSA and 50% of the Ohio minimum wage rate).  *See* 29 U.S.C. § 203(m).

5.     Moreover, an employer cannot pay below the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to the tipped occupation.  *See Osman v. Grube, Inc.,* No. 16-CV-802, 2017 WL 2908864, at *4 (N.D. Ohio July 7, 2017)(employer may not take a tip credit for the time that a tipped employee spends on work

that is not related to the tipped occupation); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir.2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties…such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work.").

6.      Finally, an employer cannot require its tipped employees to perform non-tipped work that is related to the employees' tipped occupation but exceeds 20 percent of the employees' time worked during a workweek. *See Harrison v. Rockne's Inc.,* 274 F. Supp. 3d 706, 713 (N.D. Ohio 2017)(Plaintiffs sufficiently alleged a claim when "they alleged that they were required to perform non-tipped related duties more than 20% of their regular work.")*; Fast v. Applebee's Int'l, Inc.,* 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time.").

7.      Defendants violated the FLSA and OMFWSA in the following respects:

    a.  **Violation for performing work unrelated to tipped occupation:** Plaintiff was required to perform improper types, and excessive amounts, of non-tipped work, including, but not limited to, cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows and window sills; cleaning the bathrooms; and/or washing trays, appliances, silverware, dishes and/or glasses.

    b.  **Violation for performing non-tipped directly supporting work in excess of 20% of the time spent working in the week and/or in excess of 30 minutes**: Plaintiff was required to perform greater than 20% of his time performing non-tip producing direct support work, including, but not limited to, cleaning and stocking the serving line; cleaning booths, chairs, high chairs and booster seats; cleaning menus; cleaning soft drink dispensers and nozzles; cleaning tables; filling and cleaning ketchup and syrup bottles; filling and cleaning salt and pepper shakers; replacing soft drink syrups; rolling silverware; setting tables; stocking ice; sweeping, cleaning and mopping floors; taking dishes and glasses from the tables to the kitchen; and/or taking out trash.  Plaintiff also spent in excess of 30 continuous minutes performing directly supporting work.

8.      As a result of these violations, Defendants have lost the ability to use the tip credit and therefore must compensate Plaintiff and all similarly situated workers at the full minimum wage rate, unencumbered by the tip credit, and for all hours worked.  In other words, Defendants must account for the difference between the wages paid to Plaintiff and all similarly situated workers and the minimum wage rate.

## SUBJECT MATTER JURISDICTION

9.      This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq*. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## PARTIES AND PERSONAL JURISDICTION

11.     Plaintiff Claridge is an individual residing in Ohio.

12.     The FLSA Class Members are all current and former tipped employees who worked for Defendants for at least one week during the three-year period prior to the filing of this action to the present.

13.     The Ohio Class Members are all current and former tipped employees who worked for Defendants in Ohio for at least one week during the three-year period prior to the filing of this action to the present.

14.     The FLSA Class Members and the Ohio Class Members shall be collectively referred to as the "Class Members."

4

15. Defendant Burntwood Tavern Holdings, LLC d/b/a Burntwood Tavern is a limited liability company organized and existing under the laws of the State of Ohio.

16. Burntwood Tavern is a registered trade name of Defendant Burntwood Tavern Holdings LLC.

17. Defendant Burntwood Tavern Brecksville LLC is a domestic limited liability company organized and existing under the laws of the State of Ohio, which is wholly owned and operated by Defendant Burntwood Tavern Holdings, LLC.

18. In addition to Defendant Burntwood Tavern Chagrin Falls LLC, Defendant Burntwood Tavern Holdings, LLC owns and operates several other Burntwood Restaurant locations, including Burntwood Tavern Beachcliff LLC, Burntwood Tavern Belden Village LLC, Burntwood Tavern Bell Tower LLC, Burntwood Tavern Brecksville LLC, Burntwood Tavern Crocker Park LLC, Burntwood Tavern Cuyahoga Falls, LLC, Burntwood Tavern Fairlawn LLC, Burntwood Tavern Grand Oaks LLC, Burntwood Tavern Gulf Coast LLC, Burntwood Tavern Lyndhurst LLC, Burntwood Tavern Naples LLC, Burntwood Tavern North Olmsted LLC, Burntwood Tavern Ormond Beach LLC, Burntwood Tavern Solon LLC, (collectively "Burntwood").

19. At all material times, Defendants and the other Burntwood Restaurants have operated as a single "enterprise" within the meaning of 29 U.S.C. § 203(r)(1). Defendant Burntwood Tavern Holdings, LLC and the Burntwood Restaurants, including Defendant Burntwood Tavern Chagrin Falls LLC, perform related activities through unified operation and common control for a common business purpose, and part of their unified business model is the wage violations alleged in this Complaint.

**COVERAGE**

5

20. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S. § 203(e) and R.C. § 4111.03(D)(3).

21. At all times relevant herein, Defendants were an employer within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2).

22. At all times relevant herein, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

23. At all times relevant herein, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

24. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

25. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

26. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b) and R.C. 4111.14(K)(2).

## FACTS

27. Defendant Burntwood Tavern Holdings, LLC d/b/a Burntwood Tavern operates a chain of restaurants under the trade name "Burntwood Tavern". Defendant has locations in Ohio and Florida.

28. Defendant Burntwood Tavern Brecksville LLC operates a Burntwood Tavern location at 8188 Brecksville Road, Brecksville, Ohio 44141.

29. Burntwood Taverns are full-service restaurants that employ servers to provide services to customers.

30. A server gathers orders from customers and delivers food and drinks to the customers.

31. Defendants pay servers less than the federal minimum wage of $7.25 per hour and less than the applicable Ohio minimum wage.

32. Defendants attempted to utilize the tip credit to meet its minimum wage obligation to its servers, including the Plaintiff and Class Members.

33. Plaintiff Claridge worked for Defendants at the Burntwood Tavern location in Brecksville, Ohio. He worked as a server and was paid less than the minimum wage. He worked for Defendant from approximately June 6, 2022 to November 14, 2022.

34. Defendants maintained a policy and practice whereby tipped employees were required to perform non-tip producing directly supporting work unrelated to the employees' tipped occupation. As a result, Plaintiff and the Class Members were engaged in dual occupations while being compensated at the tip credit rate. While performing these non-tip generating duties, they did not interact with customers and could not earn tips.

35. These duties include but are not limited to the following: cleaning and stocking the serving line; cleaning booths, chairs, high chairs and booster seats; cleaning menus; cleaning soft drink dispensers and nozzles; cleaning tables; filling and cleaning ketchup and syrup bottles; filling and cleaning salt and pepper shakers; replacing soft drink syrups; rolling silverware; setting tables; stocking ice; sweeping, cleaning and mopping floors; taking dishes and glasses from the tables to the kitchen; and/or taking out trash.

36.     Defendants also maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time, in excess of 20 percent and/or for a continuous period exceeding 30 minutes performing non-tip producing side work (directly supporting work) related to the employees' tipped occupation.

37.     Specifically, Defendants maintained a policy and practice whereby tipped employees, were required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows and window sills; cleaning the bathrooms; and/or washing trays, appliances, silverware, dishes and/or glasses.

38.     Further, Defendants required Plaintiffs and the Class Members to perform non-tipped producing work prior to the opening of the restaurant and after the restaurant closed.  Indeed, Defendants required the Plaintiff and the Class Members to arrive prior to the restaurants opening for business when there were no customers and no opportunity to earn tips, to perform manual labor cleaning and setup duties.  Likewise, Defendants required the Plaintiff and Class Members to remain at the restaurant after it had closed for business and there was no opportunity to earn tips, to perform manual labor cleaning duties.  At times, they spent 30 minutes to two hours performing work before the restaurant was open and the same amount of time after the restaurant was closed performing non-tipped producing work.

39.     However, Defendants did not pay its tipped employees the full minimum wage rate for this work. The duties that Defendants required Plaintiffs and the Class Members to perform were duties that are customarily assigned to "back-of-the-house" employees in other establishments, who typically receive at least the full minimum wage rate.

40.     When the tipped employees performed these non-tipped duties, they usually did not interact with customers and did not have an opportunity to earn tips.

41.     Upon information and belief, Defendants did not track or record the amount of time the tipped employees spent performing non-tipped work, even though Defendants were capable of doing so.  Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendants failed to track to the specific tasks for Plaintiff or the Class Members.

42.     Because Defendants violated the requirements to claim the tip credit, Defendants lost the right to take a credit toward their minimum wage obligation to Plaintiff and the Class Members.

43.     As such, Plaintiff and the FLSA Class Members were not compensated at the federally mandated minimum wage.

44.     Defendants knew or should have known that its policies and practices violate the law, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants acted knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out an illegal pattern and practice regarding its tipped employees. Defendants' method of paying Plaintiff and the Class Members was not based on a good faith and reasonable belief that its conduct complied with the law.

45.     Given that Defendants failed to comply with the requirements to take the tip credit, Defendant has lost the ability to claim the tip credit and owe Plaintiff and the Class Members pay at the minimum wage rate of $7.25 per hour for all hours they worked for Defendant.

46.     Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as a tipped worker for at least one week during the three-year period prior to the commencement of this action to the present.

48.     Plaintiff has actual knowledge, through conversations with her co-workers that a class of similarly situated workers exists who have been subjected to the same policies of Defendants with respect to the payment of the minimum wage.

49.     The FLSA Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

50.     Plaintiff and the FLSA Class Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

51.     The names and address of the FLSA Class Members of the collective action are available from Defendants' records.  To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

52.     As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former tipped employees who worked for Burntwood at one or more of its restaurant locations in the United States at least one week during the three-year period prior to the filing of this action to the present.**

## OHIO COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiff brings this action as a collective action on behalf of the Ohio Class Members which is comprised of the following:

**All current and former tipped employees who worked for Burntwood at one or more of its restaurant locations in Ohio for at least one week during the three-year period prior to the filing of this action to the present.**

54.     Plaintiff has actual knowledge, through conversations with his co-workers that a class of similarly situated workers exists who have been subjected to the same policies of Defendants with respect to the payment of the minimum wage.

55.     The Ohio Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the OMFWSA.

56.     Plaintiff and the Ohio Class Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

57.     The names and address of the Ohio Class Members of the collective action are available from Defendants' records.  To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARD ACT
### FAILURE TO PAY THE MINIMUM WAGE

58.     Plaintiff incorporates the preceding paragraphs by reference.

59.     This count arises from Defendants' violation of the OMFWSA failure to pay minimum wages to Plaintiff and the Ohio Class Members.

60.     During their employment with Defendants, Plaintiff and the Ohio Class Members were not exempt from the minimum wage provisions of the OMFWSA.

11

61.     Defendants paid Plaintiff and the Ohio Class Members below the minimum wage rate in Ohio, in violation of R.C. § 4111.02.

COUNT II
VIOLATION OF THE FAIR LABOR STANDARDS
FAILURE TO PAY THE MINIMUM WAGE

62.     Plaintiff incorporates the preceding paragraphs by reference.

63.     This count arises from Defendants' violation of the FLSA in connection with their failure to pay the minimum wages. *See* 29 U.S.C. § 206.

64.     Plaintiff and the FLSA Class Members were paid hourly rates less than the minimum wage while working for Defendants.

65.     Plaintiff and the FLSA Class Members were not exempt from the minimum wage requirements of the FLSA.

66.     Defendants' failure to comply with the minimum wage requirements of the FLSA, and, in particular, the tip credit requirements, resulted in Plaintiff and the FLSA Class Members being paid less than the Federal minimum wage rate.  Defendants' violation of the FLSA was willful.

67.     Defendants' practice of failing to inform its employees of its intent to rely on the tip credit to meets its minimum wage obligations violates the FLSA.

68.     Defendants' failure to pay the minimum wage to Plaintiff and the FLSA Class Members, in violation of the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA.  To foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

## WAGE DAMAGES SOUGHT

69.     Plaintiff and the FLSA Class Members are entitled to receive the difference between the Federal minimum wage of $7.25 an hour and the tip credit adjusted minimum wage for each hour they worked.

70.     Plaintiff and the Ohio Class Members are entitled to receive the difference between the Ohio minimum wage rate and the tip credit adjusted minimum wage for each hour they worked.

71.     Plaintiff and the Class Members are entitled to liquidated damages.

72.     Plaintiff and the Class Members are also entitled to recover their attorney's fees and costs, as required by the FLSA and Ohio law.

## JURY DEMAND

73.     Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

74.     For these reasons, Plaintiff respectfully requests that Defendants be held jointly and severally liable, and judgment be entered in her favor awarding her and the Class Members:

a.  Issue an order permitting this litigation to process as a collective action;

b.  Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b) and R.C. § 4111.14 (K);

c.  Minimum wage compensation unadulterated by the tip credit;

d.  Liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class under the FLSA;

e.  Liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff and the class under the OMFWSA;

f.  All misappropriated funds including all tips, expenses, and wages wrongfully withheld;

13

g.  An order requiring Defendants to correct their pay practices going forward;

h.  Reasonable attorney's fees, costs, and expenses of this action;

i.  Pre and post judgment interest; and

j.  Such other and further relief to which Plaintiff and the Class Members may be entitled, both in law and in equity.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962)
Matthew S. Grimsley (0092942)
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
anthony@lazzarolawfirm.com
matthew@lazzarolawfirm.com

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.