# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| WILLIAM CLARIDGE, On Behalf of Himself and All Others Similarly Situated, | CASE NO. 1:23-cv-02240-BMB |
| Plaintiffs, | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | |
| BURNTWOOD TAVERN HOLDINGS, LLC d/b/a BURNTWOOD TAVERN, *et al.*, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| Defendants. | |

NOW COME Defendants, Burntwood Tavern Holdings, LLC d/b/a Burntwood Tavern and Burntwood Tavern Brecksville, LLC, (collectively "Defendants" or "Burntwood"), by and through undersigned counsel, and respectfully submit the following *Reply in Support of Defendants' Motion for Partial Summary Judgment* against Plaintiff William Claridge ("Claridge") on behalf of himself and all other similarly situated (collectively "Plaintiffs"). The grounds in support of this *Reply* are set forth below.

## I.     INTRODUCTION

*Plaintiffs' Brief in Opposition to Defendants' Motion for Partial Summary Judgment* (the "Opposition") fails to sustain Plaintiffs' burden to survive dismissal for the claims brought under the now-vacated 30-Minute Rule that was codified in 29 C.F.R. § 531.56(f) (the "30-Minute Rule"), their unrelated work claims, and the "80/20 Rule" modifications to the 1967 Dual Jobs Regulation. Last, Burntwood is entitled to summary judgment on Plaintiffs' claims that Burntwood failed to provide notice of the tip credit.[1] *Defendants' Motion for Partial Summary Judgment*

---

[1] The Parties have stipulated that Plaintiffs will not seek damages for the failure to provide notice of the intent to take the tip credit. *See* ECF No. 57-1, PageID No. 1012.

concisely laid out the fatal flaws of law underpinning Plaintiffs' claims. Plaintiffs either ignored or attempted to gloss over Defendants' well-supported legal arguments that they are entitled to dismissal on the above-mentioned claims. Ignoring arguments does not sustain Plaintiffs' burden to demonstrate there are no genuine issue of material fact and that Defendants are not entitled to judgment in their favor on their *Motion for Partial Summary Judgment*. Accordingly, Defendants *Motion* should be granted.

## II. LAW AND ARGUMENT

### A. Defendants Can Meet Their Burden Under Fed. R. Civ. P. 56 and are Entitled to Summary Judgment.

Summary judgment can be granted when there remains no genuine issue of material fact and when reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Moskalik v. Mill Creek Metroparks*, 2015-Ohio-4826, ¶ 13, citing Civ. R. 56(C). In determining whether there exists a genuine issue of material fact to be resolved at trial, the court is to consider the evidence and all reasonable inferences to be drawn from that evidence in the light most favorable to the non-movant. *Moskalik* at ¶ 13, citing *Jackson v. Columbus*, 2008-Ohio-1041, ¶ 11. Thus, "[d]oubts are to be resolved in favor of the non-movant." *Moskalik* at ¶ 13, citing *Leibreich v. A.J. Refrig., Inc.*, 67 Ohio St.3d 266, 269 (1993). As explained in *Moskalik*, "[a] court 'may not weigh the proof or choose among reasonable inferences.'" *Moskalik* at ¶ 13, quoting *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 (1980). The material issues of each case are identified by substantive law and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Moskalik*, ¶ 15, citing *Byrd v. Smith*, 2006-Ohio-3455 at ¶ 12 and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Plaintiffs argue that Burntwood "cannot meet its burden as it has failed to cite the record showing an absence of genuine issues of material fact as to any of the Plaintiffs' claims." (ECF No. 57, PageID No. 1002). However, the law upon which Plaintiffs base their claims no longer exists. Thus, summary judgment is proper because Plaintiffs fail to bring their claims under any existing and binding legal basis. Indeed, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, at \*248. Because no governing law exists, Defendants are entitled to summary judgment on Plaintiffs' claims.

### B. The Authorities Cited by Plaintiffs is Not Binding on This Court.

Plaintiffs claim that "Burntwood spends the better part of its Motion contradicting itself. On one hand, Burntwood acknowledges that the 1967 Dual Jobs Regulation, 1988 Department of Labor Field Operations Handbook (hereinafter the "1988 DOL FOH"), and 80/20 Rule are entitled to deference and are persuasive authority, then goes on to argue that Plaintiffs have cited no binding authority that would entitle them to relief. . ." (ECF No. 57, PageID No. 996). Plaintiffs, however, conflate the concepts of binding and persuasive authority in that authority can be persuasive *and* nonbinding at the same time. Imperative authority, also called binding authority, is "[a]uthority that is absolutely binding on a court." Black's Law Dictionary (12th ed. 2024). Persuasive authority, on the other hand, is "[a]uthority that carries some weight but is not binding on a court, often from a court in a different jurisdiction." Black's Law Dictionary (12th ed. 2024). Thus, Burntwood does not contradict itself, but rather correctly argues that the 1967 Dual Jobs Regulation, 1988 DOL FOH, and the 80/20 Rule are not binding authority and are, at most, persuasive authority.

3

Furthermore, Plaintiffs fail to address the Sixth Circuit's position in *United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025) wherein the court stated that courts no longer defer to agency regulations as the authoritative (binding) interpretation of a statute. *Id*. at 440; *see also Seldon v. Garland*, 120 F.4th 526, 531 (6th Cir. 2024). Also, while longstanding agency practice might have the "power to persuade," it has never had the "power to control." *Rest. L. Ctr. v. U.S. Dep't of Labor.*, 120 F.4th 163, 174 (5th Cir. 2024); *see also Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). Additionally, courts should not permit agency practice to "defeat a statute's text by 'adverse possession.'" *See Airlines for Am. v. Dep't of Transp.*, 110 F.4th 672, 676 (5th Cir. 2024). Accordingly, the regulations Plaintiffs rely on to support their claims are not binding in this Circuit.

### C. The Authority Cited by Plaintiffs is Merely Persuasive.

As stated above, Plaintiffs fail to rebut Defendants argument that the Sixth Circuit, in *Bricker*, made clear that courts no longer defer to agency regulations as the authoritative (binding) interpretation of a statute. *Id.* Plaintiffs instead focus on the effects of *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.,* 467 U.S. 837 (1984), but their argument is misplaced because Plaintiffs base their claims on authority the DOL itself has already withdrawn, as opposed to precedent that is subject to *stare decisis*. Plaintiffs cite no other binding legal authority under which they can assert their claims and in fact continue to state that *Auer v. Robbins,* 519 U.S. 452 (1997) and *Skidmore* are still good law and therefore an agency's interpretation has the power to persuade. (EFC No. 57, PageID No. 1003). Defendants, however, at no point in time stated that *Loper Bright* eliminated *Auer* (or *Skidmore*) deference, but instead argue that persuasive does not equal binding authority.

   1. The 1967 Dual Jobs Regulation May Be Entitled to Deference but Is Not Binding.

Plaintiff's only statement about the 1967 Dual Jobs Regulation is that it is entitled to *Skidmore* deference and has the power to persuade. (ECF No. 57, PageID No. 1004). Defendants,

4

20018461-1

however, do not contest this. Indeed, Defendants recognized this Court's holding in *Harding v. Steak N Shake, Inc.*, 745 F.Supp.3d 571 (N.D. Ohio 2024) in its *Motion for Partial Summary Judgment*. (ECF No. 54, PageID No. 630.) Defendants are unsure why Plaintiffs are restating this argument in their Opposition, as they don't appear to be contradicting Defendants' statement. In any event, *Skidmore* deference does not determine whether certain authorities are binding. Rather, *Skidmore* offers a "measure of deference proportional to the thoroughness evidence in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." *Christopher v. SmithKline Beechman Corp.*, 567 U.S. 142, 159 (2012). Indeed, an agency's interpretation may merit some deference whatever its form, given the "specialized experience and broader investigations and information" available to the agency and given the value of uniformity in its administrative and judicial understandings of what a national law requires." *United States v. Mead Corp.*, 533 U.S. 218, 234–35 (2001) (quoting *Skidmore* at *139).

While it is true that this Court and others have held that the 1967 Dual Jobs Regulation is entitled to *Skidmore* deference, the 1967 Dual Jobs Regulation is still not binding authority on this Court. *Skidmore* deference is "[t]he persuasive but noncontrolling weight that a federal court gives to a federal agency's interpretation of a statute that it administers according to the cogency and coherence of the interpretation." Black's Law Dictionary (12th ed. 2024). Thus, although the 1967 Dual Jobs Regulation may be entitled to deference, it is not binding authority and Plaintiffs fail altogether to provide any argument to the contrary.

    2.  <u>The DOL Opinion Letters May Be Entitled to Deference But Are Not Binding.</u>

Similarly, Plaintiffs argue that DOL Opinion Letters are entitled to deference and have the power to persuade. (ECF No. 57, PageID No. 1005). Plaintiffs, however, cite no authority to

support this position but instead focus on the merits of their claims. Here, Plaintiffs rely on *O'Neal v. Denn-Ohio, LLC*, 2020 WL 210801 (N.D. Ohio, Jan. 14, 2020) and provide a recitation of this Court's analysis of the history and effect of the DOL Opinion Letters issued between the 1967 Dual Jobs Regulation and the 1988 Field Operations Handbook[2] and Plaintiffs conclude that the Opinion Letters were reflected in the 1988 FOH. *Id.* at 1005. Plaintiffs' analysis, however, misses the mark. In *O'Neal*, this Court considered Denn-Ohio's motion to dismiss based on a 2018 DOL Opinion Letter and a Field Assistance Bulletin published in 2019 (collectively "New Guidance"[3]), which explained the changes made to the FOH. This Court's analysis focused on whether deference to the New Guidance was appropriate. Here, this Court determined *Auer* deference was inappropriate and likewise determined it was not entitled to *Skidmore* deference and therefore the New Guidance lacked the power to persuade. Indeed, *O'Neal* clearly shows that a court may decline to grant *Auer* or *Skidmore* deference to DOL Opinion Letters and demonstrates that the Opinion Letters are non-binding in nature.

Also, and more to the point, the Sixth Circuit in *Bricker* made clear that agency regulations are no longer an authoritative, binding interpretation of a statute. *Id.* at 440. Accordingly, Plaintiffs cannot rely on any DOL Opinion Letter as binding legal authority under which they can assert any of their claims.

---

[2] Defendants assume Plaintiffs meant the promulgation of the 1967 Dual Jobs Regulation and the implementation of the 1988 Field Operations Handbook.
[3] The New Guidance contained no limitation on the amount of related duties that a tipped employee could perform, so long as those duties were performed contemporaneously with direct customer-service duties. *O'Neal* at *5; quoting U.S. Dep't Labor, Wage & Hour Div., Op. Ltr. FLSA2018-27 (Nov. 8, 2018).

    3. The DOL's FOH and 80/20 Rule.

Plaintiffs state that "[a]pplying *Skidmore* deference to the 1988 DOL FOH has long been a consistent view of the Sixth Circuit." (ECF No. 57, PageID No. 1006). Defendants are unsure why Plaintiff included this section in their Opposition, as Defendants did not dispute that the 1988 DOL FOH was entitled to deference. *See* ECF No. 54, PageID No. 623. It is worth pointing out though that this Court has noted that "in both instances where the Sixth Circuit has considered deference to the Handbook, the Sixth Circuit has analyzed the Handbook's persuasive authority under *Skidmore* without also addressing *Auer* deference." *Harding v. Steak N Shake, Inc.*, 745 F.Supp.3d 571, 584 (N.D. Ohio 2024). In *Harding*, this Court found that "by its own description, the Handbook is not an official interpretation of a DOL regulation that would warrant *Auer* deference." *Id.* Rather, it is persuasive evidence of the DOL's intent and should be considered. *Id.* With respect to the 1988 Handbook and the 80/20 Rule, this Court found that they are *persuasive* authority, not binding authority. *Id.* Again, Plaintiffs mischaracterize Defendants' argument. Defendants do not claim that the DOL FOH and 80/20 Rule are not persuasive, but rather argue that following the Fifth Circuit's vacatur of 2021 Final Rule and the modifications to the 1967 Dual Jobs Regulation in *Rest. L. Ctr.*, that this is no longer binding authority on the courts. Indeed, the 2021 Final Rule was withdrawn by the DOL, and the 80/20 Rule is no longer codified.

**D. The 80/20 Rule Is No Longer Codified Following the Fifth Circuit's Decision in *Rest. L. Ctr.***

Plaintiffs claim that the Fifth Circuit's decision in *Rest. L. Ctr.* has no effect on the 1967 Dual Jobs Regulation and 80/20 claims and rely on *Thomas v. Morning Chef, LLC*, 2025 WL 2721177 (S.D. Ohio Sept. 24, 2025) to support their position. *See* ECF No. 57, PageID No. 1007. First, Plaintiffs still failed to cite any binding authority under which they may bring their claims. The *Thomas* court found that the 1988 Department of Labor Guidance and the 80/20 Rule are still

7

persuasive authorities. *Id.* at *5. This does not alleviate Plaintiffs burden to demonstrate that they are entitled to relief under governing law, which is required for them to defeat summary judgment on their claims. Second, the *Thomas* decision is not binding on this Court. *Quinn v. Doe*, 2023 WL 4744280 (N.D. Ohio July 25, 2023) citing *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F.Supp.2d 671, 678 n.5 (S.D. Ohio) (noting decisions of other district courts constitute persuasive but not binding authority.) Plaintiffs have, altogether, failed to cite any binding authority under which they can assert their claims.

    **E. Defendants are Entitled to Summary Judgment on Plaintiffs' 80/20 Claims.**

It is clear that Plaintiffs bring their claims under the DOL's subregulatory guidance, specifically the 1967 Dual Jobs Regulation, the 1988 DOL FOH and the 80/20 Rule and that these are valid, persuasive authorities that are entitled to deference. *See* ECF No. 57, PageID Nos. 1002, 1004. But the Sixth Circuits decision in *Bricker* makes it clear that after *Loper Bright* courts no longer defer to agency regulations as the authoritative (binding) interpretation of a statue. *Bricker*, 135 F.4th at 440. Other than stating that the 80/20 Rule is entitled to *Skidmore* deference and is persuasive, Plaintiffs fail to support their position that Defendants are not entitled to summary judgment on these claims because these claims are not based on any binding legal authority. Plaintiffs' attempts to defeat summary judgment by stating there are genuine issues of material fact as to whether they spent more than 20% of their time performing non-tipped, related work and were paid less than the full minimum wage are unavailing. Regardless of whether Plaintiffs spent 20% or more of their time, they cannot prevail on the 80/20 Rule, as it is no longer codified and is only found in non-binding authority. Accordingly, Defendants are entitled to summary judgment on Plaintiffs 80/20 claims.

### F. Defendants are Entitled to Summary Judgment on Plaintiffs' Unrelated Work Claims.

Likewise, Defendants are entitled to summary judgment on Plaintiffs' unrelated work claims. The concept of "unrelated work" was created by the 1985 DOL Opinion Letter. *See* U.S. Dep't Labor, Wage & Hour Div., Op. Ltr. FLSA-854, 1985 WL 1259240 (Dec. 20, 1985). Plaintiffs cannot prevail on their unrelated work claim because, like their 80/20 claims, Plaintiffs fail to cite any binding legal authority under which they can properly assert their unrelated work claims. Therefore, Defendants are entitled to summary judgment on Plaintiffs' unrelated work claims.

### G. Defendants are Entitled to Summary Judgment on Plaintiffs' 30 Minute Claims.

Defendants are entitled to summary judgment on Plaintiffs claims that are based off of the now-vacated (and withdrawn) 30-Minute Rule that was codified in 29 C.F.R. § 531.56(f). Because the Fifth Circuit vacated the 2021 Final Rule, which included the codification of the 30-Minute Rule in 29 C.F.R. § 531.56(f), and the DOL restored the regulatory text as it was prior to the 2021 Final Rule, the law returned "to the pre-rulemaking status quo." *Hallman v. Flagship Rest. Grp., LLC*, 762 F. Supp. 3d 830, 842 (D. Neb. 2025); see *Rest. L. Ctr.*, 120 F.4th at 177. There was no 30-Minute Rule analogue prior to the 2021 Final Rule, thus, Plaintiffs can no longer prove a set of facts that would support their claims and entitle them to relief under the 30-Minute Rule. *See Thomas*, at *5. Plaintiffs' only rebuttal to this is that the 30 continuous minute claim is another theory of recovery under the 80/20 rule and cannot be separately dismissed as Burntwood requests. *See* ECF No. 57, PageID No. 997. Plaintiffs attempt to sidestep dismissal of these claims is unpersuasive for multiple reasons. First, the 30-minute Rule was codified in 29 C.F.R. § 531.56(f), and notably no longer exists. Therefore, there is no legal remedy available to Plaintiffs for their claims brought under the 30-Minute Rule. Second, the *Thomas* court analyzed 80/20 claims with the 30-Minute Rule claim and dismissed only the latter, demonstrating that these claims can in fact

20018461-1

be separately dismissed. Last, other than stating that these claims cannot be separately dismissed, Plaintiffs provide no rebuttal as to why Burntwood is not entitled to summary judgment on their 30-Minute Rule claims. Accordingly, Defendants are entitled to summary judgment on these claims.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant *Defendants' Motion for Partial Summary Judgment* and dismiss Plaintiffs' claims brought under the modifications to the 2021 Final Rule, including their 80/20 claims and 30-Minute Rule claims, their unrelated work claims, and their claim that Burntwood failed to provide notice of the tip credit.

Respectfully submitted,

/s/ *Mark S. Fusco*
Mark S. Fusco (0040604)
   Email: mfusco@walterhav.com
   Direct Dial: 216-619-7839
Lorraine M. Catalusci (0097420)
   Email: lcatalusci@walterhav.com
   Direct Dial: 216-928-2928
Walter | Haverfield LLP
1500 West 3rd Street, Ste. 300
Cleveland, OH  44113
(216) 781-1212 (telephone)
(216) 710-6263  (facsimile)

*Attorneys for Defendants*

20018461-1

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was filed electronically.

Notice of this filing will be sent to all counsel of record via electronic transmission.

                                                */s/* Mark S. Fusco
                                                Mark S. Fusco
                                                *One of the Attorneys for Defendants*

20018461-1