UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CLARIDGE, on Behalf of Himself and All Others Similarly Situated, | ) ) ) CASE NO. 1:23-cv-2240 |
| Plaintiff, | ) ) JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) ) ) **PLAINTIFF'S REPLY IN SUPPORT OF** |
| BURNTWOOD TAVERN HOLDINGS, LLC D/B/A BURNTWOOD TAVERN, et al. | ) **PLAINTIFF'S MOTION FOR PARTIAL** ) **SUMMARY JUDGMENT** |
| Defendants. | ) ) ) |

"In lieu of presenting evidence, Fed. R. Civ. P. 56(c) also allows that a party may show that the opposing party's evidence does 'not establish the presence of a genuine dispute' or that the adverse party 'cannot produce admissible evidence to support the fact.'" *Neuhoff v. Hosp. Goals LLC,* No. 1:24 CV 324, 2025 WL 918811, at *2 (N.D. Ohio Mar. 26, 2025).  Because this case concerns an exception to the requirement to pay the federal minimum wage for all hours worked, Burntwood bears the burden of proof to show an entitled to pay less than the full minimum wage.[1] *Pender v. Flying S. Wings, Inc.,* No. 2:21-CV-04292, 2025 WL 2522943, at *6 (S.D. Ohio Sept. 2, 2025), citing *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 549 n.4 (6th Cir. 1999) ("[A]n employer who invokes a statutory exemption from minimum wage liability bears the burden of proving its qualification for that exemption.")  Indeed, **the tip credit is not automatic** and the "employer [bears] the burden to prove its entitlement to the tip credit." *Steele v. Leasing Enters.,*

---

[1] Plaintiff's Motion for Partial Summary Judgment only requests this Honorable Court to issue judgment as a matter of law on Burntwood's liability for violating the dual jobs regulation by requiring servers and bartenders to perform unrelated work while being paid less than the full minimum wage, not for damages.

*Ltd.*, 826 F.3d 237, 242 (5th Cir. 2016) (Emphasis added). If the employer fails to meet its burden of proof, the tip credit may not be claimed. *See Martin v. Tango's Restaurant, Inc.,* 969 F.2d 1319, 1323 (1st Cir.1992).

As the party moving for summary judgment, Plaintiffs' burden is to show the absence of genuine dispute that Burntwood required servers and bartenders to perform unrelated work while paying less than the full minimum wage. Plaintiffs must show that no reasonable jury could find in favor of Burntwood based upon the record. Plaintiffs met that burden by showing that Burntwood required its servers and bartender to perform unrelated work (such as taking out the trash, performing hosting duties, washing dishes, stocking stations, and preparing to-go orders), while not being paid the full minimum wage.

In order to survive Plaintiffs' Motion, Burntwood was required to present evidence demonstrating that no Plaintiff ever performed tasks that were unrelated to their work as tipped employees and/or that they were paid the full minimum wage when performing said unrelated work. Burntwood failed to present such evidence in their Opposition on either issue (as it does not exist), and failed to contradict relevant evidence provided by Plaintiffs in order to create a genuine dispute.

Rather than citing the record, Burntwood's Opposition is a hodgepodge of arguments presented in previous briefing and addresses several legal issues and factual topics that are not germane to Plaintiff's Motion for Partial Summary Judgment. As such, Plaintiff hereby reincorporates the arguments contained in Plaintiff's Opposition (Doc. 49), the facts and arguments contained in Plaintiff's Motion for Partial Summary Judgment (Doc. 53), and Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 57) herein.

Burntwood now argues that because it complied with some portions of the FLSA that it cannot be liable for other violations. (Doc. 58 PageID #: 1182-1184.) This Court has already rejected this theory in *Harding v. Steak N Shake, Inc.,* 745 F. Supp. 3d 571, 589 (N.D. Ohio 2024) ("However, these instances of proper compensation do not excuse the periods where Plaintiffs were not fully compensated for purposes of Steak N Shake's liability under the FLSA.")

Burntwood also advances the notion that because Plaintiff Claridge did not specifically record the time spent performing side work (related or unrelated), that it somehow relieves them from liability on Plaintiff's 80/20 claim (Doc. 58, PageID #: 1186). This does not create any dispute that would result in the denial of summary judgment as this claim is not currently before the Court. Burntwood also focuses on the opening work performed by Plaintiffs, claiming it is *de minimis*, while ignoring the running side work and side work performed after the restaurant closes, on a daily basis. This evidence in tandem with Burntwood's own side work charts showing that Plaintiffs were required to perform unrelated tasks before, during, and after each shift more than meets Plaintiffs' burden at summary judgment. There is no dispute that the time spent by Plaintiffs is greater than a few seconds or minutes in duration.

The evidence attached to Burntwood's Opposition directly supports Claridge's (and Plaintiffs') claims that they were not paid the full minimum wage for unrelated work they performed. Claridge's payroll records show that he was only paid the full minimum wage during training. (Doc. 58-1.) It is immaterial to the issue before the Court when Claridge clocked in. The fact that Claridge did not clock in exactly 30 minutes before the restaurant opened (or 15 minutes) is of no consequence and does not create a factual dispute on the issue of the dual jobs regulation. The only issue which is presently before this Honorable Court. Claridge's records show many shifts where he did not open at all. (*Id*.) The undisputed evidence shows that Claridge

3

and the other Plaintiffs were required to perform unrelated work (as defined by this District, Division, and Court) before, during, and after each shift.

Given that Burntwood failed to identify any evidence that would lead a reasonable jury to find in their favor that they complied with the dual jobs regulation and did not require Plaintiffs to perform unrelated work while paying less than the full minimum wage, summary judgment should be granted in Plaintiffs' favor on liability.

I.  **LAW AND ARGUMENT**

> A.  **This Honorable Court should grant Plaintiffs' Motion for Summary Judgment as Defendants have failed to rebut the significant evidence provided by Plaintiffs that they were required to perform duties unrelated to their work as servers pursuant to Defendant's written policies and paid less than the full minimum wage.**

"The ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harding v. Steak N Shake, Inc.,* 745 F. Supp. 3d 571, 581 (N.D. Ohio 2024), quoting *Payne v. Novartis Pharms. Corp.*, 767 F.3d 526, 530 (6th Cir. 2014).

Burntwood's entire opposition misses the point and fails to identify any factual disagreement that would lead a jury to find in favor of Burntwood on Plaintiffs dual jobs claim. Plaintiffs have shown in the record that Burntwood required them to perform unrelated tasks while paying less than the full minimum wage. Contrary to Burntwood's assertion that Plaintiff cannot prove his unrelated claim, Plaintiff has indeed shown that he was required to perform unrelated tasks and paid less than the full minimum wage. Claridge worked at the Brecksville Burntwood location. (Ex. 1, Claridge Depo. at 14.) Brecksville's side work charts show a number of unrelated tasks that servers/bartenders were required to perform each shift. (Ex. 2.) Claridge's records

4

attached to Defendants' Opposition show that at no point after training was he paid the full minimum wage. (See Doc. 56-1.) Thus, there is no dispute that Claridge performed unrelated work and was not paid the full minimum wage.

Moreover, Burntwood does not maintain a separate policy regarding unrelated work performed by servers and bartenders. (Doc. 56-1, PageID #: 981.) Burntwood's corporate representative also admitted that servers and bartenders were not trained nor informed that unrelated duties are required to be paid at the full minimum wage. (*Id.* PageID #: 930.) He also testified that he is unfamiliar with the dual jobs regulation and can't recall if he had heard the term "unrelated work". (*Id*. at PageID #: 931-932.) He further testified that there was not a full minimum wage code for servers or bartenders to utilize during the relevant time period in this case. (*Id.* at PageID #: 930), meaning that they were paid the tipped wage for all work performed.

Servers and bartenders at other locations testified that they performed unrelated work every shift and were paid the tipped minimum wage. (See generally Docs. 53 and 57.) Burntwood's side work charts show daily instances of unrelated work. (Doc. 53-9.) Burntwood has no evidence to the contrary and attempts to distract this Court from the fact that Plaintiffs are entitled to judgment as a matter of law on Burntwood's liability for violating the dual jobs regulation.

Claridge's recollection of specific tasks he performed, or how long it took himself and others to perform them is immaterial at this stage of the case and does not create any genuine dispute that Burntwood violated the dual jobs regulation. The amount of time spent performing unrelated duties is irrelevant at this stage as Plaintiffs are seeking summary judgment on the issue of liability only. As for the nature of the work, Plaintiffs provided ample evidence including testimony from servers and bartenders and Burntwood's side work charts which show the unrelated tasks that Burntwood required Plaintiffs to perform on a daily and/or weekly basis. Burntwood

5

has provided no evidence that Plaintiffs were paid the full minimum wage while performing unrelated work.

Likewise, Burntwood's arguments that because Plaintiffs only spent 15 to 30 minutes opening the restaurant that they are somehow not liable for violations of the dual jobs regulation is without merit. This Honorable Court as well as others in the Northern District of Ohio have held that no tip credit may be taken for time spent performing unrelated work. *Harding v. Steak N Shake, Inc.,* 745 F. Supp. 3d 571, 588 (N.D. Ohio 2024); *O'Neal v. Denn-Ohio, LLC,* No. 3:19-CV-280, 2020 WL 210801, at *8 (N.D. Ohio Jan. 14, 2020).

Burntwood has failed to meet its burden and summary judgment should be granted in favor of Plaintiffs on liability. The record is clear that servers and bartenders performed unrelated tasks and were paid less than the full minimum wage for this time.

      **B.**    **The *de minimis* doctrine does not apply as the unrelated work performed by Plaintiffs was a weekly, if not daily occurrence.**

"An employer bears the burden of establishing that the *de minimis* doctrine applies." *Scalia v. AWP, Inc.,* No. 1:18-CV-1183, 2020 WL 7639980, at *17 (W.D. Mich. Dec. 23, 2020), thus making it an inappropriate determination on Plaintiff's Motion for Partial Summary Judgment on liability. Moreover, the question of how much time qualifies as de minimis is ultimately a question for the trier of fact. J*ohnson v. Koch Foods, Inc.,* 670 F. Supp. 2d 657, 672 (E.D. Tenn. 2009), citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946).

Burntwood has not met its burden to show that the *de minimis* doctrine would apply as it has not refuted Plaintiffs evidence that these unrelated tasks were an every shift occurrence. *See Harding v. Steak N Shake, Inc.,* 745 F. Supp. 3d 571, 589 (N.D. Ohio 2024) (" The fact that these tasks were listed as part of servers' daily duties and responsibilities on Steak N' Shake's corporate

policies shows that Plaintiffs' performance of unrelated tasks exceeded "the occasional request" and was instead part of a "continuous practice" that occurred each shift.")

This Honorable Court should disregard Burntwood's arguments that any time spent performing unrelated tasks is de minimis as it does not create a genuine issue of material fact as to Burntwood's liability for violation of the dual jobs regulation.

## II. CONCLUSION

For the reasons identified in Plaintiff's Motion for Partial Summary Judgment and herein, Plaintiff respectfully requests that this Honorable Court grant summary judgment in favor of Plaintiff on Burntwood's liability for violating the dual jobs regulation by requiring Plaintiffs to perform work unrelated to their tipped occupation while paying less than the full minimum wage.

Respectfully submitted,

/s/ *Lori M. Griffin*
Lori M. Griffin (0085241)
Matthew S. Grimsley (0092942)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 13, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

                                           _/s/ Lori M. Griffin_
                                         One of the Attorneys for Plaintiffs